NOT FOR PUBLICATION [Docket No. 55]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| STEPHEN MASAPOLLO, et al., Plaintiffs, v. RICHARD HUNT, ESQUIRE, et al., Defendants. | Civil No. 15-2270 (RMB/KMW) **SUPPLEMENTAL OPINION** |

APPEARANCES:

Matthew Benjamin Weisberg, Esq.
Daniel A. Berlin, Esq.
Weisberg Law
7 South Morton Avenue
Morton, PA 19070
*Attorneys for Plaintiffs Stephen Masapollo and Solarworks NJ, LLC*

John Charles Gillespie, Esq.
Parker McCay, P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054
*Attorney for Defendants Richard Hunt, Esq., George Morris, Esq., and Parker McCay, P.A.*

George J. Botcheos, Jr., Esq.
George J. Botcheos, Chartered
1202 Laurel Oak Road
Suite 208
Voorhees, NJ 08043
*Attorney for Defendant Medford Township*

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Motion for Summary Judgment by Defendants Richard Hunt, Esq., George

Morris, Esq., and Parker McCay P.A. (collectively, the "Parker McCay Defendants") [Docket No. 55], which the Court converted from a motion to dismiss on February 29, 2016 [Docket No. 49]. The Court reviewed the parties' submissions and held oral argument on the Motion for Summary Judgment on September 13, 2016. The Court issued a ruling from the bench on that same date, granting the Motion for Summary Judgment. The Court dismissed Plaintiffs' professional negligence and malpractice claim (Count I) and breach of contract and third-party beneficiary claim (Count II) with prejudice and Plaintiffs' fraud claim (Count IV) without prejudice.

This written opinion supplements the Court's oral opinion and further sets forth the reasoning of the September 13, 2016 ruling on the record, pursuant to District of New Jersey Local Civil Rule 52.1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2015, Plaintiffs Stephen Masapollo, Jean Cordasco, and Solarworks NJ, LLC filed this civil action against the Parker McCay Defendants, Christopher Norman, Esq. and Raymond Coleman Heinold Norman, LLP (together, the "Norman Defendants"), and Medford Township [Docket No. 1]. The dispute stems from a contract between Medford Township and Solarworks NJ, LLC, by which Solarworks NJ, LLC would construct a solar power system for a water treatment center in Medford Township.

The Parker McCay Defendants and the Norman Defendants acted as the municipal attorneys for Medford Township during certain periods relevant to this action.

Medford Township answered the complaint [Docket No. 17], while the remaining defendants moved to dismiss [Docket Nos. 35, 40]. Plaintiffs then voluntarily dismissed their claims against the Norman Defendants on August 24, 2015 [Docket No. 45]. In response to the Parker McCay Defendants' motion to dismiss [Docket No. 40], Plaintiffs voluntarily dismissed the breach of fiduciary duty claim (Count III); the loss of consortium claim (Count V); and the federal claims (Counts VI-IX) against the Parker McCay Defendants [Docket No. 46].

The Court thereafter granted Plaintiffs leave to file an amended complaint and converted the Parker McCay Defendants' motion to dismiss to a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d) [Docket No. 49].

## II. THE SEPTEMBER 13, 2016 HEARING

On September 13, 2016, the Court held oral argument on the Parker McCay Defendants' Motion for Summary Judgment and issued an oral ruling on the record. After applying the relative nature of the work test, the Court found that the Parker McCay Defendants were public employees for purposes of the New Jersey Tort Claims Act, 59:1-1, et seq. ("TCA") while employed as the municipal attorneys for Medford Township. See Lowe v. Zarghami,

158 N.J. 606, 616-18 (1999). The Court then found that Plaintiffs failed to comply with the notice requirements and statute of limitations set forth in the TCA, N.J.S.A. 59:8-8, and, accordingly, dismissed Plaintiffs' professional negligence and malpractice claim (Count I). The Court also dismissed Plaintiffs' breach of contract and third-party beneficiary claim (Count II) for failure to state a claim. Finally, the Court dismissed Plaintiffs' fraud claim (Count IV) for failure to comply with the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b).

At oral argument, counsel for Plaintiffs indicated that he was unaware of the status of Plaintiffs' claims against Medford Township or whether Plaintiffs intended to pursue those claims. The Court granted Plaintiffs ten days to inform the Court as to the status of the federal claims against Medford Township and, in the event Plaintiffs chose to pursue those claims, to file a motion to amend the complaint as to the fraud claim only. The Court also informed the parties that, should Plaintiffs choose not to pursue the federal claims against Medford Township, it would decline to exercise supplemental jurisdiction over any remaining state law claims.

## III. DISCUSSION

### A. Tort Claims Act

The TCA "establishes the procedures by which claims may be brought" against public entities and public employees. D.D. v. Univ. of Med. and Dentistry of N.J., 213 N.J. 130, 146 (2014). Under the TCA, a "'[p]ublic employee' means an employee of a public entity . . . ." N.J.S.A. 59:1-3. An "'[e]mployee includes an officer, employee, or servant, whether or not compensated or part-time, who is authorized to perform any act or services; provided, however, that the term does not include an independent contractor." Id.

New Jersey courts have generally considered municipal attorneys to be public employees governed by the TCA. See, e.g., Stoeckel v. Twp. of Knowlton, 387 N.J. Super. 1, 21 (App. Div. 2006) (finding that tort claims against attorney were governed by TCA "[b]ecause all of the acts upon which plaintiff relies for the imposition of liability on [attorney] O'Connell occurred while O'Connell was rendering services to the township"); Girard v. Alverez, 144 N.J. Super. 259, 262 (App. Div. 1976) (finding defendants, including township attorneys, to be public employees and thus immune from suit under TCA); Martin v. Rochelle Park Twp., 144 N.J. Super. 216, 221 (App. Div. 1976) (holding that "substantive liability" of township attorney was "controlled by the Tort Claims Act because he was a public

employee at the time of the alleged misconduct.”); Nat’l Amusements, Inc. v. New Jersey Tpk. Auth., 261 N.J. Super. 468, 480 (Ch. Div. 1992), aff’d, 275 N.J. Super. 134 (App. Div. 1994) (finding that attorney for New Jersey Turnpike Authority, a public entity, was a public employee for purposes of TCA because “Turnpike Authority employed [him] as an attorney during the period of controversy in this case” and “[a]ll communications between plaintiff and [defendant attorney] were within the scope of [his] employment”); see also D & D Associates, Inc. v. Bd. of Educ. of N. Plainfield, 2012 WL 1079583, at *30 (D.N.J. Mar. 30, 2012), aff’d, 552 F. App’x 110 (3d Cir. 2014) (noting that “‘township attorneys’ have been deemed public employees under the TCA”); Delbridge v. Office of Pub. Def., 238 N.J. Super. 288, 319 (Ch. Div. 1989), aff’d sub nom. A.D. v. Franco, 297 N.J. Super. 1 (App. Div. 1993) (observing that township or municipal attorneys are considered public employees for purposes of TCA).

Courts generally apply one of two tests to determine whether a party is a public employee or independent contractor for purposes of the TCA: (1) the control test or (2) the relative nature of the work test. Lowe, 158 N.J. at 615-18. The New Jersey Supreme Court has explained that, “if the working relationship involves professional services where an employer cannot exercise control over the methods used to provide those

services, the relative nature of the work test may provide a more accurate assessment of the working relationship." Id. at 618 (applying relative nature of the work test and holding that clinical professor employed by a state university who practiced medicine in the university's private affiliated hospital is a public employee under the TCA for purposes of notice of claim requirement).

As the Parker McCay Defendants are attorneys who were, during the relevant period, involved in providing professional services, i.e. legal services, to Medford Township, the Court finds that the relative nature of the work test is appropriate for assessing the working relationship. See id. The relative nature of the work test "examine[s] the extent of the economic dependence of the worker upon the business he serves and the relationship of the nature of his work to the operation of that business." Id. at 616 (internal quotations and citations omitted).

Under this test, "control" is considered "as a single, but not dispositive, factor." BEZR Homes, L.L.C. v. Twp. of E. Greenwich, 2014 WL 5326152, at *4 (N.J. Super. Ct. App. Div. Oct. 21, 2014). At oral argument, the parties agreed that, as with most professional employees, Medford Township did not control the details of how the Parker McCay Defendants performed their legal services for the municipality.

Courts next consider the economic dependence the worker has on the employer. Id. (citing Lowe, 158 N.J. at 617). In assessing this factor, the Court looks only to the acts and services the Parker McCay Defendants performed for Medford Township. See id. It is of no moment that the Parker McCay Defendants had other clients by whom they were compensated, as a "public employee" under the TCA includes those who work part-time. See id. (quoting N.J.S.A. 59:1-3). The Plaintiffs conceded at oral argument that Medford Township paid the Parker McCay Defendants for the legal services rendered on its behalf. Therefore, the Parker McCay Defendants are economically dependent on Medford Township for payment for the services performed for the Township.

The Court next examines "the relationship of the nature of the [Parker McCay Defendants'] work to the operation of [Medford Township's] business." Id. at *5. Here, the Parker McCay Defendants were hired not only to perform legal services for Medford Township, but also to fill a statutory office. N.J.S.A. 40A:9-139 requires every municipality in New Jersey to appoint a municipal attorney. This establishes that the Parker McCay Defendants' "work [as the municipal attorneys for Medford Township] constituted an integral part of the Township's business." See BEZR Homes, 2014 WL 5326152, at *5 (holding that the fact that township was required by statute to appoint

municipal engineer "alone is sufficient to show that municipal engineer's work constituted an integral part of [the township's] business").

Finally, the Court will consider whether the "goals of the business are served by concluding that the particular worker is an employee." Id. In Lowe, the New Jersey Supreme Court found that the goals of a state university medical school were served by concluding that a clinical medical professor at the university was a public employee, instead of an independent contractor, even though he worked in an affiliated private hospital. 158 N.J. at 622-23. The Lowe court reasoned that:

> [i]f UMDNJ faculty operating in affiliated private hospitals are considered independent contractors, they may be personally liable for their malpractice. If personal liability becomes the rule, physicians may either decide to practice only in public hospitals, or eschew UMDNJ faculty status. Either result would limit the quality of UMDNJ doctors and reduce clinical opportunities for medical students. Third, if UMDNJ elects to indemnify faculty members practicing in private affiliated hospitals, then costs will increase. Rather than providing a new source of funding for faculty salaries, the faculty practice plan could drain resources from UMDNJ.

Id. at 623. The BEZR Homes court applied the identical reasoning in determining that a municipal engineer was a public employee for purposes of the TCA. 2014 WL 5326152, at *5. This Court finds that this line of reasoning applies with equal force to municipal attorneys as well.

The Court has assessed the various factors relevant to the relative nature of the work test and finds that the factors lead to the clear conclusion that, in their role as municipal attorneys for Medford Township, the Parker McCay Defendants are public employees under the TCA.

Accordingly, to successfully pursue any tort claims against the Parker McCay Defendants, the Plaintiffs must have complied with the notice requirements and the statute of limitations set forth in the TCA, N.J.S.A. 59:8-8. N.J.S.A. 59:8-8 provides that a "claimant shall be forever barred from recovering against a public entity or public employee if: a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim . . . ; or b. Two years have elapsed since the accrual of the claim . . . ."

**B. Professional Negligence and Malpractice**

Plaintiffs' professional negligence and malpractice claim (Count I) is a tort claim governed by the TCA, including its statute of limitations and notice requirements. The Parker McCay Defendants have established that their term as the municipal attorneys for Medford Township and, consequently, their involvement in the facts underlying this case ended on January 31, 2012. Certification of Richard W. Hunt ¶ 6, 9 [Docket No. 55, Ex. A]. Plaintiffs do not appear to dispute this fact. As all of Plaintiffs' claims against the Parker

McCay Defendants arise from actions taken by them while they were Medford Township's municipal attorneys and, therefore, before January 31, 2012, and the Plaintiffs filed this action on March 31, 2015, over three years after the Parker McCay Defendants ceased acting as the municipal attorneys, the Court finds that Plaintiffs' professional negligence and malpractice claim (Count I) is barred by the two-year statute of limitations provided by the TCA. Furthermore, there is no allegation or evidence that Plaintiffs filed a notice of claim within ninety days, as required by N.J.S.A. 59:8-8. Plaintiffs' professional negligence and malpractice claim (Count I) is dismissed with prejudice.

**C. Fraud**

N.J.S.A. 59:3-14(a) provides that "[n]othing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." Plaintiffs argued that the Parker McCay Defendants acted outside the scope of their employment, i.e. willfully, and that their conduct constituted fraud. Accordingly, in Plaintiffs' view, the fraud claim (Count IV) is not governed by the TCA. The Parker McCay Defendants, in turn, responded that there are no allegations, let alone evidence, that establish that they acted outside the scope of their

employment with Medford Township or committed fraud. As urged by the Parker McCay Defendants, the Court assessed the fraud claim in light of the heightened pleading requirements set forth in the Federal Rule of Civil 9(b) and found the claim to be deficient. The Court nonetheless permitted the Plaintiffs to file a motion for leave to amend the pleadings as to the fraud claim only.[1]

[1] The Court takes this opportunity to note that the issue of whether or not even a properly pled claim of willful misconduct or fraud, as Plaintiffs purport to allege, would nonetheless be barred by the TCA's statute of limitations and notice requirements was not raised at oral argument or in the parties' papers. It appears that amendment will likely be futile. The New Jersey Supreme Court has held that the TCA's notice requirements apply even to intentional torts as described in N.J.S.A. 59:3-14, such as fraud. Velez v. City of Jersey City, 180 N.J. 284, 294 (2004) (finding that N.J.S.A 59:3-14 "must be read together with the overall mandate of N.J.S.A. 59:8-3, that '[n]o action shall be brought against a public entity or public employee under this [A]ct unless the claim [is] . . . presented in accordance with the procedure set forth in this [Act].'"). Accordingly, it appears that even if Plaintiffs are able to properly plead a fraud claim against the Parker McCay Defendants, Plaintiffs are still required to comply with the statute of limitations and notice requirements of the TCA, as set forth in N.J.S.A. 59:8-8. See, e.g., Szemple v. Rutgers, 2016 WL 1228842, at *9 (D.N.J. Mar. 29, 2016) ("Nevertheless, 'Actual fraud' and 'willful misconduct' are still subject to [the TCA's] notice requirement."); El v. Wehling, 2015 WL 1877667, at *16 (D.N.J. Apr. 23, 2015) (dismissing tort claims, including fraud claim, for failure to comply with TCA's notice requirements); Gillespie v. Janey, 2010 WL 777954, at *5-6 (D.N.J. Mar. 5, 2010), aff'd, 441 F. App'x 890 (3d Cir. 2011) (denying motion for leave to amend complaint to allege fraud claims against public entities because plaintiff failed to comply with TCA's notice requirements); Van v. Borough of N. Haledon, 2009 WL 1811727, at *13 (D.N.J. June 22, 2009) ("Pursuant to *Velez*, however, the TCA notice provisions apply

Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to plead "with particularity the circumstances constituting fraud." This can be accomplished by pleading "the date, time, and place" of the fraud or otherwise injecting "precision or some measure of substantiation into the allegations." Slimm v. Bank of Am. Corp., 2013 WL 1867035, at *13 (D.N.J. May 2, 2013) (quoting Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007)). "[A] plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [they are] charged.'" Frederico, 507 F.3d at 200 (quoting Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004)). In other words, Rule 9(b) "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999). Furthermore, as with any claim, "an unadorned defendant-unlawfully-harmed me accusation" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under New Jersey law, "[a] plaintiff seeking to recover for fraud must allege five elements: (1) material misrepresentation of a presently existing or past fact; (2) knowledge or belief by

---

both to negligent and intentional conduct, including actions allegedly outside the scope of employment.").

the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Williams v. BASF Catalysts LLC, 765 F.3d 306, 317 (3d Cir. 2014) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005)).

As Plaintiffs explained to the Court at oral argument, their fraud claim against the Parker McCay Defendants centers on a March 24, 2011 e-mail from Defendant Morris, in which he stated "The land is not encumbered!" Amended Complaint ¶ 13 [Docket No. 50]. At oral argument, the Plaintiffs argued that, since public records indicated that the land was in fact encumbered, the Parker McCay Defendants must have known the statement was false. This alone is insufficient to establish that the Parker McCay Defendants knew or believed the land was encumbered and lied about it to Plaintiffs, under the heightened pleading requirements set forth in Rule 9(b). Moreover, Plaintiffs have altogether failed to allege, let alone establish on summary judgment, that they reasonably relied upon Defendant Morris's statement. Without making any findings, the Court questions whether reasonable reliance can be established in this case, in light of the fact that the Plaintiffs were represented by their own counsel and the public records, which Plaintiff Masapollo acknowledged obtaining on his own, indicated that the land was encumbered. For these reasons, the fraud claim

(Count IV) is dismissed without prejudice. The Plaintiffs may file a motion for leave to amend the pleadings as to the fraud claim only, on or before October 7, 2016.

**D. Breach of Contract and Third-Party Beneficiary**

In its oral ruling on the record, the Court dismissed Plaintiffs' breach of contract and third-party beneficiary claim (Count II) with prejudice. The Court found that there was no allegation or evidence that the Plaintiffs and the Parker McCay Defendants were in contractual privity, that the Plaintiffs were third-party beneficiaries of the legal services contract between the Parker McCay Defendants and Medford Township, or that the Parker McCay Defendants were acting for the benefit of the Plaintiffs.

To state a claim for breach of contract, the Plaintiffs must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico, 507 F.3d at 203. As Plaintiffs readily conceded at oral argument, there was no contract between the Plaintiffs and the Parker McCay Defendants. Accordingly, Plaintiffs' breach of contract claim must be dismissed.

Additionally, in order to state a third-party beneficiary claim in this context, Plaintiffs must show that the pertinent contract, namely the contract for legal services between Medford

Township and the Parker McCay Defendants, was "made for the benefit of [that] third party within the intent and contemplation of the contracting parties." Grant v. Coca-Cola Bottling Co. of N.Y., Inc., 780 F. Supp. 246, 248 (D.N.J. 1991) (quoting First Nat. State Bank of New Jersey v. Commonwealth Fed. Sav. & Loan Ass'n of Norristown, 610 F.2d 164, 170 (3d Cir. 1979)). "The contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing." McLane Foodservice, Inc. v. Ready Pac Produce, Inc., 2012 WL 2462291, at *3 (D.N.J. June 27, 2012) (quoting Broadway Maintenance Corp. v. Rutgers, State Univ., 90 N.J. 253, 259 (1982)); accord Grant, 780 F. Supp. at 249 ("A third-party who merely stands to benefit from a contract is no more than an incidental beneficiary who incurs no contractual right to enforce the contract.").

There is absolutely no evidence that any contract between Medford Township and the Parker McCay Defendants was made for Plaintiffs' benefit. Plaintiffs argue instead that the Parker McCay Defendants were actually acting against Plaintiffs' interests. Instead, it is clear that the contract between Medford Township and the Parker McCay Defendants was made entirely independently of the Plaintiffs, to benefit the Township, and to fulfill a statutory obligation. No amendment

could transform the contractual relationship between Medford Township and the Parker McCay Defendants into one that was made for the benefit of Plaintiffs, Medford Township's adversaries. Thus, the Court finds that any amendment to this claim would be an exercise in futility. Accordingly, Plaintiffs' breach of contract and third-party beneficiary claim (Count II) is dismissed with prejudice.[2]

## IV. CONCLUSION

For the foregoing reasons and for the reasons set forth in this Court's oral ruling on the record on September 13, 2016, the Parker McCay Defendants' Motion for Summary Judgment [Docket No. 55] is granted. Plaintiffs' professional negligence and malpractice claim (Count I) and breach of contract and third-party beneficiary claim (Count II) are dismissed with prejudice. Plaintiffs' fraud claim (Count IV) is dismissed without prejudice. On or before October 7, 2016, Plaintiffs shall inform the Court as to whether they intend to pursue any federal claims against Defendant Medford Township. In the event that Plaintiffs voluntarily dismiss their claims against Defendant

---

[2] To the extent Plaintiffs also set forth a breach of duty of fair representation claim in this count, see Amended Complaint at 6 ("Count II Breach of Contract/Third-Party Beneficiary/ Breach of Duty of Fair Representation"), that is a tort claim that is forever barred by Plaintiffs' failure to comply with the statute of limitations and notice requirements set forth in N.J.S.A. 59:8-8, and is also dismissed with prejudice.

Medford Township, the Court intends to decline to exercise supplemental jurisdiction over any remaining putative state law claims. In the event that Plaintiffs elect to pursue federal causes of action against Defendant Medford Township, Plaintiffs may file a motion for leave to amend the pleadings as to the fraud claim only, on or before October 7, 2016. Such motion shall also address the issue of standing, as discussed at the September 13, 2016 oral argument.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2016